[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10716
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cr-80115-DTKH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC RUNYAN,
a.k.a. hard_n_big2000@yahoo.com,
a.k.a. Bigsausage69,
a.k.a. SausageKing Bigballs,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 13, 2013)


Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Eric Runyan appeals his above-guidelines total sentence of 240 months which was imposed after Runyan pleaded guilty to knowingly receiving child pornography and knowingly transferring obscene material to a minor, in violation of 18 U.S.C. §§ 2252A(a)(1) and 1470.  Briefly stated, Runyan texted a minor female whom he believed was ten years old.  Runyan sent the girl a photo of his genitalia and then requested -- and received -- illicit photos of the girl's genitalia in return.  No reversible error has been shown; we affirm.

In this case, we review the final sentence for procedural and substantive reasonableness.  United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008).  A sentence may be procedurally unsound if the district court calculates incorrectly the guidelines range, treats the guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) factors, chooses a sentence based on clearly erroneous facts, or fails to explain adequately the chosen sentence.  Id.

After determining that a sentence is procedurally sound, we evaluate the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- under a deferential abuse-of-discretion standard.  Gall v. United States, 128 S.Ct. 586, 597 (2007).  In reviewing the substantive reasonableness of a sentence, we examine "the totality of the circumstances, including . . . whether the

2

statutory factors in § 3553(a) support the sentence in question." Gonzalez, 550 F.3d at 1324.

When a sentence is above the guidelines range, we "may consider the deviation, 'but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008). "We may vacate a sentence because of the variance only 'if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009). "[T]hat we 'might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal.'" Id.

The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Runyan has not shown that his sentence procedurally is unreasonable. The district court calculated properly the guidelines range, treated the guidelines as advisory, considered properly the statutory factors, and explained in detail the chosen sentence. Contrary to Runyan's contention, nothing evidences that the court selected Runyan's sentence based on an unsupported belief that Runyan was

a diagnosed pedophile.  Instead, the court described Runyan as having engaged in "predatory conduct toward children [that was] persistent [and] repetitive" over a span of nine years.  To the extent that the district court commented on the general recidivism rate and difficulty in treating sex offenders, the court was entitled to rely on its own experience in similar criminal cases.  See Shaw, 560 F.3d at 1238.  Thus, Runyan has not shown that the district court relied on clearly erroneous facts in selecting his sentence.

Runyan also argues that the district court erred procedurally in departing upward under U.S.S.G. § 4A1.3.  Because the district court explained expressly that it would have imposed the same sentence based on its consideration of the section 3553(a) factors, we need not address Runyan's argument.  Instead, we must only determine whether the sentence imposed was reasonable in the light of the section 3553(a) factors.  See United States v. Keene, 470 F.3d 1347, 1348-50 (11th Cir. 2006).

Given the totality of the circumstances, Runyan has not demonstrated that his above-guidelines sentence substantively was unreasonable.  The record demonstrates that Runyan had a long history of predatory conduct toward young girls.  Runyan was first investigated in 2003 when he initiated sexual conversations online with an undercover agent whom Runyan believed was a 13-year old girl.  Runyan set up a meeting with the girl to engage in sexual acts.  Although Runyan

4

never showed up for the proposed meeting, evidence demonstrated that Runyan was enroute to the meeting place when his car broke down. Runyan was investigated again in 2005 when he had repeated sexual conversations with an undercover agent whom Runyan believed was a 12-year old girl.

As part of the investigation in this case, police subpoenaed Runyan's phone records for a ten-day period surrounding Runyan's contact with the victim. In that time, Runyan texted with 60 different people. In each conversation, Runyan asked the other person's age and began talking about alcohol or sex. In many cases, Runyan sent photos of his genitalia and requested photos of the other person's body and genitalia in return. In some cases, the other person sent the photos Runyan requested. Runyan would often use intimidation in the chats, threatening to send viruses to other person's computer or to kill them if they did not cooperate. Although none of the people depicted in the photos that Runyan received were identified positively, an officer testified that they appeared to be girls between the ages of 10 and 13.

Based on the nature and circumstances of the offense on and on Runyan's persistent pattern of behavior over a number of years, the district court concluded that an above-guidelines sentence was necessary to protect the public, promote respect for the law, provide just punishment, and provide deterrence.

Runyan argues that substantively his sentence is unreasonable because (1) the district court failed to consider his severe physical and mental disabilities, including that he suffers from spina bifida, is confined to a wheelchair, and has an IQ of only 77; (2) the district court gave too much weight to the court's speculative view that Runyan was a pedophile,[*] to the court's speculative view about the general recidivism rate among sex offenders, and to Runyan's uncharged non-criminal conduct; and (3) the district court unreasonably balanced the section 3553(a) factors.

That the district court considered Runyan's physical and mental disabilities is clear. The district court heard considerable testimony about Runyan's disabilities, and the court acknowledged specifically Runyan's disabilities in sentencing Runyan. Although the court did not expressly address Runyan's argument for a sentence within or below the guidelines based on his disabilities, the court explained in great detail why a sentence above the guidelines was necessary in the light of the section 3553(a) factors. Thus, the court ruled implicitly that factors such as the need to protect the public, the need to provide just punishment, and the need for deterrence outweighed Runyan's mitigating evidence.

---

[*] As discussed, nothing evidences that the court relied on an unsupported pedophile diagnosis in selecting Runyan's sentence.

In essence, Runyan argues on appeal that the district court weighed improperly the section 3553(a) factors.  "We will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor under § 3553(a), as long as the sentence ultimately imposed is reasonable in light of *all* the circumstances presented."  United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (alterations omitted).

On this record, we cannot say that Runyan's above-guidelines sentence was unreasonable or that "the district court committed a clear error of judgment in weighing the § 3553(a) factors."  See Shaw, 560 F.3d at 1238.  Runyan has not met his burden of showing that his sentence is unreasonable, either procedurally or substantively.

AFFIRMED.